IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Princeton Thrower, | ) | C/A No. 0:15-1955-JMC-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Robert Stevenson, *Warden*, | ) | |
| Respondent. | ) | |

Petitioner Princeton Thrower, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 29.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Thrower was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 30.) Thrower filed a response in opposition to the respondent's motion. (ECF No. 36.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Thrower's Petition denied.

## BACKGROUND

Thrower was indicted in January 2012 in York County for trafficking in cocaine base (2012-GS-46-258). (App. at 94-95, ECF No. 28-1 at 96-97.) Thrower was represented by Hemphill Pride, Esquire, and on September 10, 2012 pled guilty as charged. (App. at 1-18, ECF No. 28-1 at 3-20.)

The circuit court sentenced Thrower to twenty-seven years' imprisonment. (App. at 18, ECF No. 28-1 at 20.)

Thrower filed a *pro se* notice of appeal. (ECF No. 28-4.) Counsel for Thrower, upon receiving a letter from the South Carolina Court of Appeals requesting a written explanation showing that there was an appealable issue (ECF No. 28-4), responded that there was no reviewable issue on appeal. (ECF No. 28-5.) After failing to receive any sufficient showing of an appealable issue from Thrower pursuant to Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules, the South Carolina Court of Appeals dismissed Thrower's appeal. (ECF No. 28-8.) The remittitur was issued on June 3, 2013. (ECF No. 28-9.)

Thrower filed a *pro se* application for post-conviction relief ("PCR") on March 20, 2013 in which he raised claims of ineffective assistance of counsel and "violation due process." (See Thrower v. State of South Carolina, 2013-CP-46-916; App. at 20-25, ECF No. 28-1 at 22-27.) The State filed a return. (App. at 27-30, ECF No. 28-1 at 29-32.) On April 14, 2014, the PCR court held an evidentiary hearing at which Thrower appeared and testified and was represented by W. Michael Hemlepp, Jr., Esquire. By order filed April 15, 2014, the PCR court denied and dismissed with prejudice Thrower's PCR application. (App. at 88-93, ECF No. 28-1 at 90-95.)



PJG

On appeal,Thrower was represented by Benjamin John Tripp, Esquire, with the South Carolina Commission on Indigent Defense, who filed a Johnson[1] petition for a writ of certiorari that presented the following issue:

> Whether plea counsel's performance was deficient for failing to obtain an independent evaluation of Petitioner's competency to stand trial where Petitioner suffered severe head trauma in a car wreck at the time of his arrest and where plea counsel relied on an evaluation ordered by the lower court because he believed that the matter was to be raised, investigated, and considered solely by the trial court.

(ECF No. 28-11.) Thrower filed a *pro se* response to the Johnson petition in which he raised the following additional issues:

> Did the P.C.R. Court err when the Court ruled that the trial court was not ineffective, when trial counsel admitted that he did not do any mitigating investigation?
>
> Did P.C.R. Court err when the court ruled that Trial Counsel was not ineffective when by trial counsel's own admission he did not inform Petitioner of the state's Plea Offer as required by law?
>
> Did P.C.R. Court err when the court ruled that Trial Counsel was not ineffective when by counsel's own admission he allowed Petitioner to make a Conditional Plea?

(ECF No. 28-13) On February 19, 2015, the South Carolina Supreme Court issued an order denying Thrower's petition for a writ of certiorari. (ECF No. 28-14.) The remittitur was issued on March 9, 2015. (ECF No. 28-15.) This action followed.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.





## FEDERAL HABEAS ISSUES

Thrower's federal Petition for a writ of habeas corpus raises the following issues:

> **Ground One:** Ineffective Assistance of Counsel
> **Supporting facts:** Counsel failed to do any mitigating investigation. Counsel admitted that he did not do any mitigating investigation.
>
> **Ground Two:** Ineffective Assistance of Counsel
> **Supporting facts:** Counsel failed to inform Petitioner of State's Plea Offer[.]
>
> **Ground Three:** Ineffective Assistance of counsel
> **Supporting facts:** Counsel Allowed Petitioner to make a Conditional Plea.
>
> **Ground Four:** Ineffective Assistance of counsel
> **Supporting facts:** Counsel failed to obtain an independent evaluation of Petitioner's competence to stand trial[.]

(Pet., ECF No. 1.)

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.





See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B. Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in





its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no





reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C. Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them.





Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

## D. Summary Judgment Motion

### 1. Claims that are Procedurally Barred

In Grounds One, Two, and Three of the Petition, Thrower argues plea counsel was ineffective for failing to conduct a sufficient investigation, for failing to inform him of the State's plea offer, and for allowing him to make a conditional plea. The respondent argues these claims are procedurally barred because they were not raised at Thrower's PCR hearing. The court agrees.

At his PCR hearing, the only evidence presented by Thrower was the testimony from his mother, stepfather, and himself concerning his own inability to remember the events leading to his arrest, and his own lack of understanding about the plea process.[2] (App. at 37-61, ECF No. 28-1 at 39-63.) His PCR application only listed "ineffective assistance of counsel" and "violation due process" as grounds on which he sought relief, without elaboration. (App. at 22, ECF No 28-1 at 24.) In its order of dismissal, the PCR court only addressed Thrower's claim that plea counsel was

---

[2] Thrower was apprehended on drug charges after he fled from police in his vehicle at a high rate of speed and wrecked his vehicle, causing severe head injuries. At the plea hearing and the PCR hearing, Thrower indicated he could not remember the police chase, the wreck, or his plea hearing as a result of the injuries he suffered. (App. at 11, 56-57, 58, 60; ECF No. 28-1 at 13, 57-58, 60, 62.)





ineffective for failing to seek an independent evaluation of Thrower's competency. (App. at 92, ECF No. 28-1 at 95.)

Because these claims were not raised to and ruled on by the PCR court, they were not preserved for review on appeal to the South Carolina Supreme Court. See Pyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating issues not raised to and ruled on by the PCR judge are not preserved for review on appeal). Further, because these claims were procedurally barred from appellate review by an independent and adequate state procedural rule, the claims are procedurally barred from federal habeas review. See Lawrence, 517 F.3d at 714.

Thrower argues he can show cause to excuse the procedural bar. See Coleman, 501 U.S. at 750. Specifically, Thrower argues that he has diminished mental capacity as a result of a car accident. (ECF No. 36-1 at 4.) However, the court finds this argument does not demonstrate cause to excuse the procedural bar. See Stricker v. Greene, 527 U.S. 263, n.24 (1999) (stating "cause" ordinarily requires "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule.") (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Thrower appears to be capable of raising these issues with clarity in his *pro se* filings with this court, (ECF Nos. 1 & 36), as well as in his *pro se* filings with the South Carolina Supreme Court in his PCR appeal, (ECF No. 28-13 at 1-11), and he has not provided the court with any reasons to explain why he was not able to raise them at his PCR hearing. Accordingly, the court finds Thrower has failed to demonstrate cause to excuse the procedural bar of Grounds One, Two, and Three.



PJG

**2. Claims Addressed on the Merits**

In Ground Four of the Petition, Thrower argues plea counsel was ineffective for failing to have him independently evaluated on his competence to stand trial. The respondent argues this claim is without merit.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).





The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written order dismissing Thrower's PCR application, certiorari review of which was denied by the South Carolina Supreme Court. Therefore, the court turns to the question of whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

At the plea hearing, the solicitor and plea counsel informed the plea court that the parties had questions about Thrower's mental capacity because of behavior he previously exhibited in court, and consequently, plea counsel requested and obtained a mental evaluation from the South Carolina Department of Mental Health ("SCDMH"). (App. at 3-4, ECF No. at 5-6.) The SCDMH evaluation concluded that Thrower was malingering when he claimed he had memory loss as a result of a car accident. (Id.) The evaluation found that "we have no reason to believe that the deficits Mr. Thrower is currently presenting are genuine or that they would impair his ability to work [with] his attorney if he so chooses. Therefore, it is our opinion that although he does not respond to competency questions correctly, he should be presumed competent." (ECF No. 28-2 at 10.) Plea counsel informed the plea court that he believed Thrower's condition had improved and he was able to speak to and work with Thrower at that time. (App. at 5, ECF No. 28-1 at 7.)

At the PCR hearing, Thrower's mother and stepfather both testified that Thrower had no recollection of the police chase or car wreck because of his injuries. (App. at 37-54, ECF No. 28-1 at 39-56.) Thrower provided similar testimony about the police chase and car wreck, and he added that he had no recollection of what happened in court during his plea hearing. (App. at 58, ECF No. at 60.)

Plea counsel testified he had Thrower evaluated by SCDMH because he was not sure that Thrower would be able to assist in his defense. (App. at 65, ECF No. 28-1 at 67.) He testified that the evaluation concluded that Thrower was competent and malingering. (Id.) He also testified that this conclusion was supported by other evidence of Thrower's malingering that was brought to his attention, such as detention center officials who claimed Thrower feigned illnesses to procure a wheelchair. (App. at 70, ECF No. 28-1 at 72.) Plea counsel stated that he did not challenge the





SCDMH evaluation's conclusions because they were consistent with his professional beliefs about Thrower's conduct. (App. at 76, ECF No. 28-1 at 78.)

Plea counsel indicated he informed Thrower of his options to plead guilty or go to trial, and explained that he was unlikely to be successful at trial. (App. at 69, ECF No. 28-1 at 71.) He claimed Thrower asked him to negotiate a plea deal. (Id.) Plea counsel testified that he was convinced that Thrower understood his options even though he never acknowledged that he remembered the police chase or car wreck. (Id.) He stated nothing occurred during the plea hearing that would leave him to believe Thrower did not understand the plea process. (App. at 71-72, ECF No. 28-1 at 73-74.)

The PCR court found that Thrower failed to show that plea counsel was ineffective because he did not produce evidence to establish that he was prejudiced by plea counsel's failure to order an independent mental evaluation. The PCR court noted that for Thrower to show he was prejudiced, he would have to produce a mental evaluation that indicated he was incompetent at the time he entered his plea.

The court finds Thrower failed to demonstrate that the PCR court's finding is contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Thrower has failed to offer argument as to why plea counsel should have obtained a second evaluation after the first evaluation concluded that he was competent to aid in his defense. The court notes Thrower argues plea counsel should have ordered an "independent" evaluation, but fails to identify why the SCDMH evaluation *requested by plea counsel* was inadequate. Also, Thrower failed to put forth any evidence at the PCR hearing that would have showed a second or "independent" evaluation would have produced a different outcome. See Hill v. Lockhart, 474 U.S.





at 59. Otherwise, any assertion of prejudice by Thrower is speculative. See generally Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."). Accordingly, Thrower failed to demonstrate that the PCR judge's decision was contrary to, or an unreasonable application of, federal law, or an unreasonable determination of the facts.

**RECOMMENDATION**

For the foregoing reasons, the court recommends the respondent's motion for summary judgment (ECF No. 29) be granted and Thrower's Petition be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 1, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).